UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>LUIS MERCADO | No. 3:20-cr-177 (SRU) |

### ORDER ON MOTION FOR SENTENCE REDUCTION

Luis Mercado, who is currently incarcerated at FCI Butner, filed the instant motion for a reduction of his sentence. *See* Mot. for Compassionate Release, Doc. No. 256. After filing his motion, counsel was appointed for Mercado, and a supplemental motion and memorandum in support were filed. *See* Mot. for Sentence Reduction, Doc. No. 289; Mem. in Support, Doc. No. 290. Mercado argues that his caregiving responsibilities, the burdens of the COVID-19 pandemic, the conditions of confinement at FCI Butner, and his rehabilitation warrant a reduction of his sentence to time served under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). In the alternative, Mercado requests an order retroactively applying Amendment 821 of the U.S. Sentencing Guidelines (the "Guidelines") to decrease his criminal history score by one point.

The government opposes the motion on the grounds that Mercado has not demonstrated extraordinary and compelling reasons to warrant a sentence reduction, and that the 18 U.S.C. § 3553(a) factors counsel against release. *See* Opp'n, Doc. No. 303.

For the following reasons, Mercado's motion for a reduction of his sentence is **denied**. His request for an order reducing his criminal history category by retroactively applying Amendment 821 is **granted**.

I.     **Background**

A federal grand jury returned an indictment charging Mercado and his co-conspirators on September 30, 2020. *See* Indictment, Doc. No. 1. A superseding indictment was returned on February 16, 2021, charging Mercado with Conspiracy to Commit Arson, in violation of 18 U.S.C. §§ 844(n) and (i), and Possession of a Firearm by a Felon, in violation of 18 U.S.C. §§ 922(g)(l) and 924(a)(2). *See* Superseding Indictment, Doc. No. 51.

I assume familiarity with the basic factual background of Mercado's criminal case, as set forth in the parties' sentencing memoranda, docs. no. 200, 203, and the government's memorandum in opposition to Mercado's motion. *See* Doc. No. 303, at 1-4.

On March 25, 2022, Mercado entered into a plea agreement with the government, in which he pled guilty to Count Three of the Superseding Indictment—Possession of a Firearm by a Felon—in full satisfaction of his criminal liability in the District of Connecticut and of charges pending in Connecticut Superior Court arising from the same events underlying the federal prosecution. *See* Plea Agreement, Doc. No. 178. The plea agreement also contained a stipulation regarding the Guidelines, in which the parties agreed that, through a cross-reference to the Guidelines provision for the offense of Conspiracy to Commit Murder, the total offense level was 30. *See id.* at 4. The government reserved its right to seek a two-level enhancement for reckless endangerment of others during flight, which would result in a total offense level of 32. *See id.* The Probation Office prepared a presentence investigation report, and determined that Mercado's total criminal history score was 13, placing him in criminal history category VI. *See* PSR, Doc. No. 189.

I held a sentencing hearing on June 27, 2022. *See* Minute Entry, Doc. No. 213. At that hearing, I determined that Mercado's total offense level was 32, and his criminal history category was VI. The resulting Guidelines range would have been 210 to 262 months, however, based

2

upon the applicable statutory maximum, the range was 120 months' imprisonment. *See* Sentencing Hr'g Tr., Doc. No. 281, at 4:25-5:14. In consideration of the seriousness of the offense and the agreement to resolve all pending federal and state charges, I sentenced Mercado to 120 months' incarceration followed by 3 years' supervised release. *See* Judgment, Doc. No. 237.

On July 6, 2023, Mercado filed a *pro se* motion for compassionate release. *See* Doc. No. 256. On January 16, 2024, counsel appeared on behalf of Mercado for the purpose of his motion for compassionate release. *See* Doc. No. 260. A supplemental motion was filed on August 9, 2024. *See* Doc. No. 289. Also pending is Mercado's motion for an expedited ruling on his sentence reduction motion, doc. no. 257, which he filed on August 7, 2023.

## II.    Legal Standards

### A. First Step Act

As amended by the First Step Act, 18 U.S.C. § 3582(c) authorizes sentencing courts to reduce a term of imprisonment if, after considering the applicable factors set forth in section 3553(a), it concludes that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A court may make such a modification only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The applicable policy statement for compassionate release is found in U.S. Sentencing Guidelines (U.S.S.G.) § 1B1.13 and Commentary. That section was amended, effective

November 1, 2023, and now provides an expanded list of "extraordinary and compelling reasons" warranting compassionate release. *See* U.S.S.G. § 1B1.13.

The defendant bears the burden of proving that he or she is entitled to a sentence reduction. *United States v. Morales*, 2020 WL 2097630, at *2 (D. Conn. May 1, 2020) (internal citations omitted).

B. Retroactive Application of Amendment 821

Under 18 U.S.C. § 3582(c)(2), a federal court may reduce a defendant's sentence if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." When considering a motion to reduce a sentence, a court must "consider[] the factors set forth in section 3553(a)," and determine whether "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Courts therefore undertake a two-part inquiry, first determining "the prisoner's eligibility for a sentence modification and the extent of the reduction authorized," and then considering "whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

The Guidelines Amendment at issue in this case is known as Amendment 821. *See* U.S.S.G. App. C, Amendment 821. Amendment 821 became effective as of November 1, 2023 and was later made retroactive. *See* U.S.S.G. §§ 1B1.10(d) and 1B1.10(e)(2). Part A, known as the "Status Points Amendment," amends Guidelines § 4A1.1 by reducing from two points to one point the upward adjustment for offenders who committed the instant offense while under any criminal sentence, and by limiting the adjustment to defendants who received seven (7) or more criminal history points based on their prior sentencing history. *See* U.S.S.G. § 4A1.1(e).

### III. Discussion

    A. <u>Sentence Reduction</u>

As an initial matter, the government apparently does not contest that Mercado exhausted his administrative remedies before bringing this motion. *See* Suppl. Mot., Doc. No. 290, at 3 (arguing that Mercado has exhausted his administrative remedies because he submitted a request to the Warden of Butner II and thirty days have passed without a reply).

However, Mercado has not satisfied his burden of demonstrating that "extraordinary and compelling reasons" warrant a reduction of his sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

First, Mercado argues that his release is warranted because of his responsibility to care for his wife, who suffers from various medical and mental health conditions. *See* Suppl. Mot., Doc. No. 290, at 5-6. An affidavit submitted by Ms. Mercado, along with her health records that were provided as exhibits, confirm Ms. Mercado's diagnoses. *See* Exs. B and C to Suppl. Mot., Docs. No. 292-2, 292-3. Nonetheless, Mercado's family circumstances, though obviously difficult, do not amount to an extraordinary and compelling reason warranting his release. The applicable policy statement provides that compassionate release may be granted due to family circumstances in the event of "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13(b)(3)(B). Though Mercado does allege that there is no other available caregiver for his wife, he does not establish that she is incapacitated. Instead, as the government points out in its opposition, Ms. Mercado's own affidavit establishes that—though not without some difficulty—Ms. Mercado is able to work, drive, and seemingly care for her own basic needs. *See* Ex. B to Suppl. Mot., Doc. No. 292-2, at ¶¶ 9-10. I do not doubt that Ms. Mercado's circumstances are quite challenging, and may be more so as a result of Mercado's incarceration.

However, as other courts within this Circuit have pointed out, the family circumstances described by Mercado are unfortunate but not "extraordinary." *See, e.g., United States v. Akram*, 568 F. Supp. 3d 295, 298 (W.D.N.Y. 2021) ("Unfortunately, families often suffer due to the criminal conduct and subsequent incarceration of one of their members, and Defendant's family is likely no exception to this harsh reality."). Therefore, I conclude that Mercado's difficult family circumstances do not rise to the level of an extraordinary and compelling reason warranting a sentence reduction.

Mercado also points to the harsh conditions of confinement he has endured during his incarceration, related to both the COVID-19 pandemic and to other conditions at FCI Butner. He alleges that the facility's roof leaks, that there are mold and other toxins present in the facility, and that the quality of the food is poor. *See* Mot. for Compassionate Release, Doc. No. 256, at 10-11; Suppl. Mot., Doc. No. 290, at 7-8. I do not doubt that the conditions of confinement at FCI Butner may be particularly challenging, even when compared to other BOP facilities. However, I do not believe that the conditions alleged by Mercado rise to the level of extraordinary and compelling reasons justifying his release. Regarding the impact of COVID-19 on his conditions of confinement, Mercado does not allege that he suffers from any medical conditions that put him at an increased risk for complications if he were to contract COVID-19. Nor does he demonstrate that the rate of transmission of COVID-19 is particularly high at his current facility. As other courts have recognized, generalized circumstances experienced by all inmates cannot amount to extraordinary circumstances warranting relief. *See, e.g., United States v. Ramirez*, 571 F. Supp. 3d 40, 47 (S.D.N.Y. 2021) ("If the challenging conditions of confinement caused by the pandemic warranted a sentence reduction here, essentially every inmate who has been in BOP custody at any time since March 2020 would be entitled to a

6

sentence reduction."). Therefore, though I am sympathetic to Mercado's argument that any period of time spent incarcerated during the pandemic has been harsher and more punitive than otherwise would have been the case, I am not convinced that the COVID-19 pandemic amounts to an extraordinary and compelling reason that warrants a reduction of his sentence, especially because I was aware of the effects of the pandemic when I sentenced Mercado in 2022.

Additionally, when considering any motion for compassionate release I must consider the factors set forth in section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Pursuant to section 3553(a), I must impose a sentence that is sufficient, but not greater than necessary, to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public from further crimes of the defendant, and (4) provide the defendant with training, medical care, and other treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). I must also examine other factors, including the nature and circumstances of the offense and the history and characteristics of the defendant. *Id.* § 3553(a)(1).

Even if there was an extraordinary and compelling reason to reduce Mercado's sentence, which I do not believe there is, a reduced sentence would be inappropriate because it would not reflect the seriousness of the crime, promote respect for the law, or provide just punishment. As I explained at sentencing, this case was an extremely serious one, involving not just the firearm offense that Mercado pled guilty to, but also a conspiracy to commit murder and arson. *See* Sentencing Tr., Doc. No. 281, at 20:6-10. The plea agreement resolved both the federal and state charges, including the state charges of murder conspiracy, that were then pending against him. *See* Plea Agreement, Doc. No. 178, at 8. I therefore did not have the discretion to sentence Mercado to any more than 120 months' imprisonment, which was the statutory maximum

7

sentence he faced for his violation of 18 U.S.C. § 922(g)(1). *See* Plea Agreement, Doc. No. 178, at 5.[1] But I expressed at sentencing and believe still today that a sentence of any less than 120 months would be inappropriate in light of the seriousness of Mercado's conduct. *See* Sentencing Tr., Doc. No. 281, at 21:9-22:2.

B. <u>Retroactive Application of Amendment 821</u>

Finally, in the alternative, Mercado seeks a reduction of his criminal history score pursuant to Part A of Amendment 821. *See* Suppl. Mot., Doc. No. 290, at 11-14. At the time of Mercado's sentencing, he was assessed 11 criminal history points as a result of his prior convictions. *See* PSR Addendum, Doc. No. 302, at 2. Two "status points" were added pursuant to the former U.S.S.G. § 4A1.1(d) because he committed the offense while he was under a criminal justice sentence, namely a 2-year conditional discharge on state charges. *See id*. Mercado therefore had a total of 13 criminal history points, placing him in criminal history category VI. *See id.* Because of the passage of Part A to Amendment 821, Mercado today would only be assessed one status point, resulting in a total of 12 points and placing him in criminal history category V. *See* U.S.S.G. § 4A1.1(e). With a total offense level of 32 and a criminal history category of V, the amended Guideline calculation would result in a sentencing range of 188 to 235 months' imprisonment. At sentencing, however, the Guideline range Mercado faced, and the sentence he received, was the statutory maximum sentence: 120 months.

The Sentencing Commission's policy statement provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under

---

[1] After Mercado was sentenced, the statutory maximum penalty for a violation of 18 U.S.C. § 922(g) was increased from 10 to 15 years' imprisonment. *See* Bipartisan Safer Communities Act, Pub. L. 117–159, § 12004; 18 U.S.C. § 924(a)(8).

8

subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A). Therefore, because Mercado's Guideline range has not been lowered by virtue of the retroactive application of Amendment 821, he is ineligible for a sentence reduction.

Nonetheless, by retroactively applying Amendment 821 to Mercado's case, his criminal history category would be reduced from VI to V. Because the BOP will consider Mercado's criminal history category for purposes of his security designation and custody classification, I order that reduction. A form AO247 will be issued reflecting this decision.

### IV.     Conclusion

For the foregoing reasons, Mercado's motion for a reduction of his sentence, docs. no. 256, 289, is **denied**. His request for an order retroactively applying U.S.S.G. Amendment 821 is **granted**. His motion for an expedited ruling on his sentence reduction motion, doc. no. 257, is denied as moot.

It is so ordered.

Dated at Bridgeport, Connecticut, this 18th day of March 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge